Filed 3/11/21  Opperwall v. Ornelas CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| STEPHEN G. OPPERWALL,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MICHAEL ORNELAS, et al.,<br><br>    Defendants and Respondents. | A157904<br><br>(Alameda County<br>Super. Ct. No. HG18900038) |

Unhappy with the handling of his homeowners insurance claim, attorney Stephen G. Opperwall sued his insurer, State Farm General Insurance Company (State Farm).  Opperwall also sued Dean Pappas, one of the attorneys State Farm hired to communicate with Opperwall about the insurance claim that was the subject of the litigation.  The trial court granted Pappas's special motion to strike and awarded him attorney fees (Code Civ. Proc., § 425.16).[1]

---

[1] Undesignated statutory references are to the Code of Civil Procedure. The other attorney defendants, David Demo and Sandra Stone, prevailed on their special motion to strike.  Opperwall appealed, and we affirmed. (*Opperwall v. Stone* (June 24, 2020, A156200) [nonpub. opn.].)  We incorporate by reference our opinion in the prior appeal.

1

We affirm.  We conclude the claim against Pappas arises from protected activity; that Opperwall cannot demonstrate a probability of success; and that Pappas is entitled to statutory attorney fees.

## FACTUAL AND PROCEDURAL BACKGROUND

We recite only those facts necessary to resolve the issues on appeal and disregard factual assertions in Opperwall's briefs unsupported by record citations.  (*Caldera v. Department of Corrections & Rehabilitation* (2018) 25 Cal.App.5th 31, 46.)  We note that many of the contentions raised in this appeal were addressed and rejected in the prior appeal, in part because of the absence of record citations in Opperwall's briefs.

### A.

### *Opperwall's Insurance Claim and First Lawsuit*

Opperwall had a homeowners insurance policy with State Farm.  He made a claim under the policy "for water damage to his home, contending he did not receive all the benefits due under the policy."  Later, Opperwall—a licensed California attorney—threatened to sue State Farm.  After "Opperwall's repeated threats of legal action," State Farm hired attorney David Demo to communicate with Opperwall regarding the insurance claim.

In October 2017, State Farm closed the claim file and notified Opperwall.  About a month later, Opperwall filed a lawsuit against a State Farm insurance entity alleging several claims, including for breach of contract and fraud.  State Farm hired attorney Sandra Stone to defend the lawsuit.  State Farm removed the lawsuit to federal court and moved to dismiss certain claims.  The district court partially granted the motions.

In March 2018, Opperwall threatened to file a new lawsuit naming Demo and Stone as defendants if State Farm did not accept his latest settlement demand.  Around that same time, State Farm hired Pappas, an

attorney at Ropers, Majeski, Kohn & Bentley (now Ropers Majeski) to communicate with Opperwall.  In March and April, Pappas wrote Opperwall letters about the claim.

B.

*Opperwall's Second Lawsuit and*
*Pappas's Special Motion to Strike*

In early April 2018, Opperwall dismissed the first lawsuit without prejudice and filed a new complaint in superior court against several defendants, including Demo and Stone.  The complaint did not name Pappas as a defendant but alleged he was acting as a State Farm employee "rather than as independent counsel."  Pappas demurred.  The trial court sustained the demurrer with leave to amend.

Opperwall filed a first amended complaint (complaint) naming Pappas as a defendant and alleging a claim against him for "interference with contract and inducing breach of contract."  According to the complaint, after Opperwall "first sued State Farm," Pappas took "illegal" and "bad faith actions" intended to prevent performance of the insurance contract, such as refusing to discuss aspects of the claim with Opperwall, precluding Opperwall from discussing the claim with State Farm, and threatening him. The complaint further alleged Pappas "interjected" himself between Opperwall and State Farm and "interfered" with the insurance claim. Finally, the complaint alleged Pappas "destroyed, and/or erased evidence from the claim file" in violation of Penal Code section 135 and the State Bar Rules of Professional Conduct.

Pappas filed a special motion to strike.  He argued his communication with Opperwall constituted protected litigation-related activity and that Opperwall could not demonstrate a probability of prevailing because the litigation privilege barred Opperwall's claim.

3

In a declaration, Pappas averred State Farm hired him as legal counsel in March 2018, after Opperwall had sued State Farm and threatened to sue Demo and Stone. Pappas was hired to communicate with Opperwall and to consult with State Farm regarding the insurance claim. Pappas's representation of State Farm "related directly to the legal issues that served as the basis of Opperwall's complaints and legal claims." Pappas denied concealing or destroying evidence. As Pappas explained, he had "no ability to conceal, erase, or destroy anything in State Farm's claims file" and no reason to believe evidence had been concealed or destroyed.

In opposition, Opperwall reiterated the allegations in the complaint. He also repeatedly stated Pappas was not a "protected person" under section 425.16 and that Pappas's "actions [were] not protected" under the statute. In his declaration, Opperwall averred Pappas was acting as a claims adjuster, not an attorney. Opperwall stated he had a "meritorious claim against Pappas" and referred to Pappas's "illegal" activities, which included eliminating the insurance claim file.

The court granted the special motion to strike. First, it determined the allegations arose out of protected activity because Pappas was hired in a "legal capacity" to represent State Farm, and because Pappas's conduct constituted "litigation-related activity." As the court explained, the "allegations in the complaint relate[d] to . . . Pappas'[s] actions taken during his representation of State Farm either directly prior [to] the litigation, [or] in anticipation of the pending litigation, both related to the [f]ederal claim that was dismissed and the current action." The court rejected Opperwall's conclusory statement that Pappas acted as a claims adjuster rather than an attorney, noting Pappas presented evidence he was hired as "legal counsel" to communicate with Opperwall about the insurance claim—"in light of the on-

4

going litigation"—and that Opperwall had not controverted that evidence "in any meaningful way."

Next, the court concluded Opperwall failed to demonstrate a probability of prevailing on the merits because he had "not shown that he will be able to overcome [Pappas's] assertion of the litigation privilege." The court also observed Opperwall had offered no evidentiary support for his cause of action against Pappas. Finally, the court determined the alleged removal of the online claim file did not amount to destroying evidence.

## C.

### *Pappas's Attorney Fee Motion*

Pappas moved for attorney fees pursuant to section 425.16, subdivision (c), supported by a declaration from a Ropers Majeski partner who averred he represented Pappas. In opposition, Opperwall argued Pappas was not entitled to recover attorney fees because he was "self-represented." The court granted the motion and awarded Pappas $22,000 in attorney fees.

## DISCUSSION

## I.

### *Opperwall's Timeliness Argument is Forfeited*

In one sentence in his opening brief, Opperwall claims the motion was untimely because it was not filed within 60 days of service of the original complaint. This contention is forfeited for two reasons. First, the argument was not raised below. (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997 [" 'As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal.' "].) We reject Opperwall's assertion that the time limit to file a SLAPP motion is jurisdictional. "Clearly, the 60-day time period set forth in subdivision (f)

5

of section 425.16 is not jurisdictional. The trial court has the legal authority to allow the filing of an anti-SLAPP suit motion to strike 'at any later time [after '60 days of the service of the complaint'] upon terms it deems proper.' The nonjurisdictional nature of the time limit is also emphasized by the permissive 'may' in the setting forth of the time limit ('The special motion may be filed')." (*Lam v. Ngo* (2001) 91 Cal.App.4th 832, 840.)

Second, Opperwall did not support the contention in his opening brief with legal argument and citation to authority. (*Caldera v. Department of Corrections & Rehabilitation, supra,* 25 Cal.App.5th at p. 46.) In his reply brief, Opperwall presents a more developed argument, but " '[o]bvious reasons of fairness militate against consideration of an issue raised initially in the reply brief.' " (*In re Marriage of Khera & Sameer* (2012) 206 Cal.App.4th 1467, 1477–1478.)

## II.

### *The Court Properly Granted the Special Motion to Strike*

In ruling on a special motion to strike, the trial court engages in a two-step process. " 'First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. [Citation.] If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success.' " (*Contreras v. Dowling* (2016) 5 Cal.App.5th 394, 404 (*Contreras*).) Our review is de novo. (*Id.* at p. 405.)

A.   The Claim Against Pappas Arises from Protected Activity

Under section 425.16, protected activity includes "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body." (§ 425.16, subd. (e)(2).) In deciding whether Opperwall's claim arises from such protected activity, " 'a court considers "the

6

pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." ' " (*Contreras, supra,* 5 Cal.App.5th at p. 408.)

The complaint alleges Pappas "interfered" with the insurance claim by refusing to discuss aspects of the claim with Opperwall, by prohibiting Opperwall from communicating with State Farm, and by removing information from the claim file. All of these actions occurred after Opperwall had sued State Farm over the alleged mishandling of the insurance claim. Pappas's declaration confirms he was hired to represent State Farm in a legal capacity in connection with the "legal issues that served as the basis of Opperwall's complaints and legal claims." In that role, Pappas wrote Opperwall letters about the insurance claim that was the subject of the litigation.

Pappas's conduct falls squarely within the definition of protected activity in section 425.16, subdivision (e)(2). A " 'statement is "in connection with" litigation under section 425.16, subdivision (e)(2) if it relates to the substantive issues in the litigation and is directed to persons having some interest in the litigation.' " (*Optional Capital, Inc. v. Akin Gump Strauss, Hauer & Feld LLP* (2017) 18 Cal.App.5th 95, 113–114.) Pappas's communications related to the substantive issue in the litigation—the insurance claim—and were directed to a person with an interest in the litigation—Opperwall. In his opening brief, Opperwall does not argue otherwise.

Opperwall does not address the issue until his reply brief, where he relies on *Trilogy Plumbing, Inc. v. Navigators Specialty Ins. Co.* (2020) 50 Cal.App.5th 920 (*Trilogy*). That case does not assist him. In *Trilogy*, the plaintiff sued its insurer for "failing to perform under the terms of the

7

[insurance] policies." (*Id.* at p. 934.) The lawsuit alleged the insurer "mishandl[ed] . . . the claims process" for lawsuits naming the plaintiff and "wrongfully negotiated settlements" without the plaintiff's consent. (*Id.* at p. 924.) The appellate court held these allegations did not come within section 425.16, subdivision (e)(2). (*Trilogy,* at p. 932.) *Trilogy* noted the complaint did not name "as a defendant any attorney who [the insurer] retained," nor "refer to any oral or written statements or communicative conduct by anyone, whether in relation to the lawsuits in which [the plaintiff had been sued], or in the context of settlement discussions." (*Ibid.*) Rather, the allegation was that the insurer "failed to perform under the terms of the policies." (*Id.* at p. 934.)

Trilogy is easily distinguishable. Here—and unlike *Trilogy*—Opperwall sued State Farm's attorneys, including Pappas. And in contrast to *Trilogy*, the claim against Pappas arose out of Pappas's conduct in connection with the insurance claim, an issue under consideration in a judicial proceeding. Pappas's declaration establishes his conduct related to communications with Opperwall, not performance under the terms of the insurance policy. Opperwall did not offer below, nor cite in the record before this court, any admissible evidence of any other conduct by Pappas.

Equally unpersuasive is Opperwall's contention that the lawsuit is a "private dispute" between a homeowner and an insurance carrier that falls outside the scope of section 425.16. This argument ignores the evidence and the relevant statutory provision. Whatever Pappas was alleged to have done, it was in response to the lawsuit Opperwall had filed, or in anticipation of the second lawsuit Opperwall had threatened, thus bringing the acts within section 425.16, subdivision (e)(2). When "alleged protected activity occurs in the context of a . . . official proceeding" under section 425.16, subdivision

8

(e)(2), "there is no additional requirement that it be connected with an issue of public importance." (*Garretson v. Post* (2007) 156 Cal.App.4th 1508, 1515.)

Opperwall's remaining arguments—which are identical to those rejected in the prior appeal and likewise are unsupported in the record on appeal or by admissible evidence below—have been considered and merit no further discussion.

### B. Opperwall Cannot Establish a Probability of Success

If the defendant shows the plaintiff's claims arise from protected activity, " 'the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success.' " (*Contreras, supra,* 5 Cal.App.5th at p. 404.) At this step of the analysis, the plaintiff " ' " 'must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' " [Citation.] "We consider 'the pleadings, and supporting and opposing affidavits . . . upon which the liability or defense is based.' [Citation.] However, we neither 'weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.' " ' " (*Id.* at p. 405.)

Opperwall suggests that under this standard, the court must accept the allegations of the amended complaint as true. Not so. Opperwall must show a probability of success with evidence, not merely allegations. This second step of the analysis is a " 'summary-judgment-like procedure.' " (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.)

The court concluded Opperwall could not establish a probability of prevailing because the litigation privilege in Civil Code section 47,

9

subdivision (b) barred the claim. The litigation privilege " 'may present a substantive defense a plaintiff must overcome to demonstrate a probability of prevailing' " on a special motion to strike. (*Contreras, supra,* 5 Cal.App.5th at p. 415.) As relevant here, Civil Code section 47, subdivision (b)(2) defines a "privileged publication" as one made in any "judicial proceeding." The litigation privilege "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.) The litigation privilege extends to statements made in anticipation of litigation. (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360–361.)

The court determined the litigation privilege applied because Pappas averred he was retained as legal counsel to communicate with Opperwall about the insurance claim "in light of the on-going litigation over [that] claim" and because Opperwall had not controverted that evidence "in any meaningful way." On appeal, Opperwall ignores the court's conclusions. He does not address the litigation privilege, nor explain why it does not bar his claim. It is not our responsibility to "examine undeveloped claims, nor to make arguments for parties." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106.) Opperwall has failed to establish error. (*Caldera v. Department of Corrections & Rehabilitation, supra,* 25 Cal.App.5th at p. 46.)[2]

---

[2] Even if Opperwall could overcome the litigation privilege, he cannot establish a probability of success on his claim. Opperwall alleges Pappas was an employee or agent of State Farm, and it is well settled that "corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract." (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 24.)

## III.

### *The Court Properly Awarded Pappas Attorney Fees*

A prevailing defendant on a special motion to strike is entitled to recover attorney's fees and costs. (§ 425.16, subd. (c)(1); *Contreras, supra,* 5 Cal.App.5th at p. 404.) In challenging the attorney fee award, Opperwall reprises the unsuccessful arguments he made in the trial court and in the prior appeal. For example, Opperwall contends Pappas cannot recover attorney fees because he is a "self-represented attorney" and because "there was no attorney client relationship between" Pappas and the attorney who filed the special motion to strike on his behalf.

We reject these arguments for the reasons we articulated in the prior appeal: there is no evidence, or case law, supporting them. Pappas did not represent himself. Another attorney at Ropers Majeski, with whom Pappas had an attorney-client relationship, represented Pappas. (*Gilbert v. Master Washer & Stamping Co.* (2001) 87 Cal.App.4th 212, 222 [attorney-client relationship exists where attorney litigant is represented by another attorney, even if the other attorney works in the same firm].)

### DISPOSITION

The orders granting the special motion to strike and awarding attorney fees are affirmed. Pappas is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

11

_____
Seligman, J.*

WE CONCUR:


_____
Needham, Acting P. J.


_____
Burns, J.

A157904

_____

&ast; Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12